## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SONIA FORTNER, CATHY GARCIA, GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO, and JOHANA QUIJANO, Individually and On Behalf of All Others Similarly Situated,** | § § § § § § | |
| | § | **C.A. NO. _____** |
| *Plaintiffs*, | § § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **BANK OF AMERICA, N.A.,** | § § | |
| *Defendant*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs SONIA FORTNER, CATHY GARCIA, GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO and JOHANA QUIJANO (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid wages and unpaid overtime wages from Defendant BANK OF AMERICA, N.A. (referred to as "Defendant").

### I.  NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA"), is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a) and 211(c).

2.      Defendant violated the FLSA by failing to pay nonexempt employees at one and one half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek and by making illegal deductions.

3.      Plaintiffs bring this collective action under section 216(b) of the FLSA on behalf of themselves and all other similarly situated employees in order to recover unpaid wages and unpaid overtime compensation.

## II.  JURISDICTION AND VENUE

4.      Plaintiffs' claims arise under the FLSA.  29 U.S.C. § 201, *et seq.*  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b, c) because a substantial part of the events or omissions giving rise to the claim occurred in this district and/or Defendant regularly conducts business in this district.

## III.  THE PARTIES

6.      Plaintiff SONIA FORTNER is a resident of Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Fortner was engaged in commerce or in the production of goods for commerce.  Fortner regularly worked in excess of forty (40) hours per week.  However, Fortner did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

7.      Plaintiff CATHY GARCIA is a resident of Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Garcia was engaged in commerce or

in the production of goods for commerce.  Garcia regularly worked in excess of forty (40) hours per week.  However, Garcia did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

8.      Plaintiff GRACIELA GRANDA is a resident of Fort Bend County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Granda was engaged in commerce or in the production of goods for commerce.  Granda regularly worked in excess of forty (40) hours per week.  However, Granda did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

9.      Plaintiff SANDRA MARESCA is a resident of Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Maresca was engaged in commerce or in the production of goods for commerce.  Maresca regularly worked in excess of forty (40) hours per week.  However, Maresca did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

10.      Plaintiff MARIA PUERTO is a resident of Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing her duties, Puerto was engaged in commerce or in the production of goods for commerce.  Puerto regularly worked in excess of forty (40) hours per week.  However, Puerto did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

11.      Plaintiff JOHANA QUIJANO is a resident of Fort Bend County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period

preceding the filing of this action. In performing her duties, Quijano was engaged in commerce or in the production of goods for commerce. Quijano regularly worked in excess of forty (40) hours per week. However, Quijano did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and a half as required by the FLSA.

12.    Defendant BANK OF AMERICA, N.A. is a foreign financial institution whose principal place of business is Bank of America Corporate Center, 100 N. Tyron Street, Charlotte, North Carolina. Defendant may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul St., Dallas, Texas, 75201.

13.    Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV.  FACTS

14.    Defendant BANK OF AMERICA, N.A. is a nationally chartered bank that operates branch locations throughout the State of Texas. Defendant employs small business specialists, personal bankers, tellers and teller operations specialists at branch locations throughout the country.

15.    From approximately September 2005 until July 2009, Fortner was employed by Defendants as a small business specialist.

16.    From approximately October 1995 until the present, Garcia was employed by Defendants as a personal banker.

17.    From approximately January 2007 until the present, Granda was employed by Defendants as a teller.

18.    From approximately January 2006 until the present, Maresca was employed by Defendants as a teller.

19.    From approximately May 2000 until the present, Puerto was employed by Defendants as a teller operations specialist.

20.    From approximately July 2005 until December 2008, Quijano was employed by Defendants as a teller.

21.    Small business specialists, personal bankers, tellers and teller operations specialists, including Fortner, Garcia, Granda, Maresca, Puerto and Quijano, are responsible for providing banking services to customers on behalf of Defendant.

22.    Small business specialists, personal bankers, tellers and teller operations specialists regularly work in excess of forty (40) hours per week.

23.    Defendant did not pay small business specialists, personal bankers, tellers and teller operations specialists, including Fortner, Garcia, Granda, Maresca, Puerto and Quijano, overtime wages as required by the FLSA.

24.    On information and belief, these same illegal pay practices were applied to all employees of Defendant who were compensated in the same or similar manner to that of Plaintiffs.

## V.  PLAINTIFFS' INDIVIDUAL ALLEGATIONS

**A.    Defendant Failed to Properly Compensate Plaintiffs at the Rate of Time and One Half for All Overtime Hours.**

25.    On information and belief, Plaintiffs were nonexempt employees under the guidelines of the FLSA.

26.    As a nonexempt employees, Plaintiffs were legally entitled to be paid at one and one half their "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  *See* 29 U.S.C. § 207(a).

27.    Defendant required Plaintiffs to perform work for its benefit without compensating Plaintiffs.

28.    Defendant failed to pay Plaintiffs for all hours worked in excess of forty (40) at one and one half times their regular rate.

29.    Instead, Defendants compensated Plaintiffs at their regular hourly rate which did not take into consideration the number of hours actually worked during each seven (7) day workweek.

30.    As a result, Plaintiffs were regularly "shorted" on their paychecks by not being paid at a rate of time and a half for hours worked in excess of forty (40).

31.    In the event that Defendant classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiffs full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

32.    Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiffs proper overtime wages.

**B.    Defendant Failed to Keep Accurate Records of Time Worked.**

33.    The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

34.     In addition the pay and improper deduction violations of the FLSA identified *supra*, Defendants also failed to keep proper time records as required by the FLSA.

**C.     Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

35.     The illegal patterns and/or practices on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

36.     No exemption excuses Defendant for failing to pay Plaintiffs at their proper overtime rate of time and a half for all hours worked in excess of forty (40).

37.     Defendant has not made a good faith effort to comply with the FLSA.

38.     Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiffs.

## VI.  COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

40.     On information and belief, other employees have been victimized by Defendant's patterns, practices and policies identified *supra* in violation of the FLSA.

41.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and/or were denied overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

42.     Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

43.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

44.     All employees of Defendant, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40), are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former small business specialists, personal bankers, tellers, teller operations specialists or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seeks payment for overtime hours worked; and (3) were compensated on any basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40).

45.     Plaintiffs have retained counsel well versed in FLSA collective action litigation and is prepared to litigate this matter vigorously on behalf of Plaintiffs and any other Members of the Class.

## VII.  CAUSE OF ACTION – FAILUE TO PAY WAGES

46.     Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

47.     Defendant's practice of failing to pay proper compensation for all hours worked and failing to pay overtime compensation at one and one half the respective employees' regular time rate for all hours worked in excess of forty (40) hours to nonexempt employees is in direct violation of the FLSA.  29 U.S.C. § 207(a).

48.     Defendant violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

49.    Plaintiffs are entitled to payment for all hours worked in excess of forty (40) in an amount that is one and one half times their regular rate of pay.

50.    Plaintiffs are entitled to liquidated damages in an amount equal to one and one half times all hours worked in excess of forty (40) as a result of Defendant's failure to comply with the guidelines of the FLSA.

## VIII.  REQUEST FOR PRELIMINARY INJUNCTION – SPOLIATION OF EVIDENCE

51.    Plaintiffs re-allege and incorporate by reference all of the facts set forth in the above sections of this Complaint.

52.    Plaintiffs and all other potential Members of the Class will suffer irreparable harm if Defendant is not enjoined from this moment and during the pendency of this lawsuit from destroying any records which are in any way related to the above described matters, including any correspondence between Defendant, Plaintiffs and Members of the Class and any records required to be maintained by the FLSA.

53.    There is substantial likelihood that Plaintiffs will prevail at trial on the merits.

54.    The harm that will result is irreparable to Plaintiffs because Plaintiffs will not be able to replicate the destroyed evidence.

55.    Plaintiffs have no adequate remedy at law if Defendants destroy any records.

## IX.  JURY REQUEST

56.    Plaintiffs request a trial by jury.

## X.  PRAYER

57.    WHEREFORE, Plaintiffs and all similarly situated nonexempt/exempt employees who join this action respectfully request this Court:

a.  Authorize the issuance of notice at the earliest possible time to all Defendant's employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

b.  Declare Defendant has violated the overtime provisions of the FLSA as to Plaintiffs and all those similarly situated;

c.  Declare Defendant's violations of the FLSA to be willful;

d.  Award Plaintiffs and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

e.  Award Plaintiffs and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

f.  Enter an injunction restraining Defendant from destroying any records;

g.  Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

h.  Award expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action;

i.  Award pre-judgment and post-judgment interest as allowed by law;

j.  Award costs of court and costs of prosecuting Plaintiffs' claims; and

k.  Award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By:   /s/ *Melissa A. Moore*
       Melissa Ann Moore
       State Bar No. 24013189
       Federal Id. No. 25122
       Curt Hesse
       Federal Id. No. 968465
       State Bar No. 24065414
       LYRIC CENTRE
       440 Louisiana Street, Suite 710
       Houston, Texas 77002
       Telephone: (713) 222-6775
       Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

## NOTICE OF ELECTRONIC FILING

I do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing document in accordance with the Electronic Filing System of the U.S. District Court for the Southern District of Texas, on this the 18th day of August 2009.

/s/ *Melissa A. Moore*
Melissa Ann Moore