IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA FORTNER, CATHY GARCIA GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO, and JOHANA QUIJANO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 4:09-cv-02651 |
| BANK OF AMERICA, N.A. | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR A STAY OF ALL PROCEEDINGS AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Defendant Bank of America, N.A. ("Defendant" or "Bank of America") respectfully moves this Court for a stay of all proceedings in this matter until such time as Defendant's Application to the Judicial Panel on Multidistrict Litigation (the "Panel") is decided. On December 10, 2009, Defendant filed an application and motion to transfer all pending federal cases, alleging claims similar to those asserted in this action, to a single judicial officer venued in the Central District of California pursuant to multi-district litigation procedures ("the MDL").

### PRELIMINARY STATEMENT

On August 24, 2009, a collective action Complaint was filed by Plaintiffs Sonia Fortner, Cathy Garcia, Graciela Granda, Sandra Maresca, Maria Puerto and Johana Quijano (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, alleging that they were required to perform work off-the-clock and were not paid for those hours. Plaintiffs later amended their allegations by filing their First Amended Complaint, in which Plaintiffs claim that

Bank of America required them to work off-the-clock and/or misclassified employees as exempt in order to avoid paying overtime. Specifically, Plaintiffs allege that Bank of America "required Plaintiffs to perform work for its benefit without compensating Plaintiffs" and that Bank of America "failed to pay Plaintiffs for all hours worked in excess of forty (40) at one and one half times their regular rate." *See* First Amended Complaint, ¶¶ 27 & 28. Plaintiffs also allege that "[i]n the event that Defendant classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified." *See* First Amended Complaint, ¶ 31.

Plaintiff's Complaint pleads a single count of overtime violations and related penalties under the FLSA on behalf of "[a]ll current and former small business specialists, personal bankers, tellers, teller operations specialists or any other employees who was not compensated for overtime. *See* First Amended Complaint, ¶ 44. Plaintiff also seeks overtime compensation in accordance with the Texas Labor Code. *See* First Amended Complaint, ¶ 48.

There are now 12 federal cases pending in eight federal district courts across the country making the same claims and factual allegations as Plaintiffs. Each of the 12 pending cases is asserted as a class or collective action, or both. Each of the Complaints shares certain factual allegations and legal theories. Plaintiffs in several of the related cases are employed as tellers, personal bankers and/or teller operations specialists, much like Plaintiffs here. They all assert that the alleged violations resulted from common policies and practices used by Defendant throughout the nation. In fact, all of the plaintiffs in the 12 actions assert off-the-clock claims and allege that Defendant is liable for overtime wages and related penalties resulting from its alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and/or its related state-law counterparts. Like Plaintiffs here, the plaintiffs in at least eight of the related cases seek such wages and penalties pursuant to the FLSA, while at least eight involve state law

claims.   Four of the related actions involve both federal and state law claims.   Pretrial proceedings, including class certification proceedings, will focus on these common factual and legal allegations pled in each of the 12 actions.   Consolidated proceedings will consequently avoid duplicative and overlapping discovery requests and disputes, as well as eliminate the risk of inconsistent rulings.

Bank of America's counsel has filed a Motion to Transfer all of the actions pursuant to 28 U.S.C. § 1407, requesting that the pending federal cases be consolidated in and transferred to a single judicial district.   The Motion incorporates all 12 of the current federal lawsuits.   The Motion is now under the Panel's consideration.

For reasons of comity and judicial economy, as discussed more fully below, Defendant respectfully requests that this Court stay discovery and all other proceedings in this matter until the MDL Panel evaluates and rules on the pending MDL Application and Motion to Transfer.

## **ARGUMENT**

Under Rule 1.5 of the Rules of Procedure for the MDL Panel, this Court retains jurisdiction over all pre-trial proceedings notwithstanding the pending MDL transfer requests. Accordingly, until the Panel consolidates and transfers these cases into an MDL, the determination to stay or proceed with this case rests within the sound discretion of this Court. *See, e.g., Falgoust v. Microsoft Corp.*, No. CIV.A.00-00779, 2000 WL 462919, at *1 (E.D. La. Apr. 19, 2000) ("[C]ourts have inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted).

In the interests of judicial economy, Defendant respectfully submits that this Court should stay these proceedings until such time as the MDL Panel has ruled on the transfer requests. *See Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp.2d 582, 585 (D. Md. 2001)

("[T]he Court also determines that a stay in proceedings pending the determination of the MDL Panel is appropriate. A stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted.") (citing 28 U.S.C. § 1407(a)); *see also McCrary v. Bayer Corp.*, No. CIV.A. 02-642, 2002 WL 1467691, at *1 (E.D. La. July 3, 2002) ("[T]he decision whether to grant or deny a stay is completely within the discretion of the Court . . . . It continues to remain the opinion of this Court that the plaintiff will not be prejudiced by this temporary stay as any prejudice resulting from this short delay is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings."); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) ("Under these circumstances, i.e., pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources.")

## I.   A STAY OF THESE PROCEEDINGS WOULD PROMOTE COMITY AND JUDICIAL ECONOMY.

When an action such as this one "may be transferred by the . . . Panel to a consolidated MDL proceeding, . . . courts have determined that a stay of the action is appropriate if it serves the interests of judicial economy and efficiency." *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (citing cases). The overlap of certain factual and legal issues with the other cases pending transfer into an MDL makes this case ripe for consolidation and transfer by the Panel. *See* 28 U.S. C. § 1407 ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings."). Accordingly, a stay of this matter until the likely issuance of the transfer order by the MDL Panel will eliminate unnecessary duplication of litigation, serving the interests of judicial economy.

Proceeding with this case, notwithstanding the pending transfer requests, will result in the unnecessary consumption of judicial time and energy in, *inter alia*, digesting the allegations and implications of Plaintiff's First Amended Complaint, monitoring discovery, and ruling on Plaintiffs' anticipated demand for conditional certification and nationwide notice to all overtime eligible employees working in each of Bank of America's thousands of banking centers. *See, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (N.D. Cal. 1997) ("If this case is not stayed, preliminary proceedings would continue as required . . . and this Court would need to monitor discovery and approve a case management plan in a potentially massive . . . action. Taking on such a task at this time would seem to unnecessarily consume judicial time and energy.")  This Court should in its discretion defer this matter briefly until the MDL Panel rules on the transfer request. *See, e.g., In re Amstead Indus. Inc. "ERISA" Litig.*, 162 F. Supp. 2d 697, 698 (J.P.M.L. 2001) (noting that "Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues . . ., and ii) ensures that pretrial proceedings will be conduced in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.") (internal citation omitted).

## II.    A STAY WOULD BENEFIT THE PARTIES.

In deciding to grant a stay, this Court properly may consider the interests of the parties in addition to the Court's own interest in conserving judicial resources. *See, e.g., Falgoust*, 2000 WL 462919, at *2.  The parties will benefit from a stay of this matter until such time as the MDL Panel can resolve the pending transfer requests.

For example, absent a stay, Defendant would be forced into the patently disadvantageous position of developing and presenting similar defenses in eight separate district courts. *See*

*Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (holding that *ipse dixit* assertions of prejudice will not be determined to "outweigh the disadvantages of litigating identical claims in a multitude of venues").  Without a stay, both this case and the other cases pending transfer will proceed in parallel, forcing, *inter alia*, duplicative discovery on clearly overlapping issues.  *See, e.g., Sevel v. AOL Time Warner*, 232 F. Supp. 2d 615, 616 (E.D. Va. 2002) (granting a stay of the proceedings pending decision regarding transfer by the Panel, noting that a stay had the salutary purpose of "avoid[ing] undue confusion and duplication of effort" in complex securities fraud actions); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Case Nos. 92-1030, 92-1086, 1992 WL 102762, *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").  Such duplication of effort is essentially punitive to both this Court and the parties before it.

In contrast, Plaintiffs here will suffer no discernible prejudice by having this matter stayed until such time as the Panel has decided whether to transfer this case into the MDL. Furthermore, this matter has only recently been filed by Plaintiffs.  Staying this case now will not prejudice Plaintiffs because this case is in a nascent stage wherein a stay will have virtually no practical effect.  *See, e.g., Mathis v. Bristol-Myers Squibb, Co.*, No. Civ.A. 03-0308, 2003 WL 1193668, at * 1 (E.D. La. Mar. 12, 2003) (granting stay until the Panel decided a pending motion for consolidation and transfer, noting that the case at issue was "newly filed" with no discovery having taken place).

In addition, a stay will preclude the possibility of conflicting and perhaps contradictory rulings on matters such as the scope and propriety of discovery, class certification and notice

issues.    Accordingly, Defendant respectfully submits that the Court should stay these proceedings until the Panel rules on the pending MDL Application.

<u>**CONCLUSION**</u>

In light of the foregoing, Defendant respectfully requests a stay of these proceedings, until such time as the MDL Panel has ruled upon the pending MDL Application and motion to transfer this matter into the proposed MDL.

This the 10th day of December 2009.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:    _/s/ J. Erick Sandlin_

Counsel

Tony L. Visage, Esq.
Attorney-in-Charge
State Bar No. 00788587
S.D. Bar No. 17248
J. Erick Sandlin
State Bar No. 24056265
S.D. Bar No. 872070

711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
(713) 223-2300
(713) 221-1212 (facsimile)

Attorneys for Defendant Bank of America, N.A.

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 10, 2009 I attempted to confer with Plaintiffs' counsel, Melissa A. Moore, by telephone regarding this motion.  Having heard no response, it is assumed she is OPPOSED.

/s/  *J. Erick Sandlin*
J. Erick Sandlin

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Melissa A. Moore
Moore & Associates
Lyric Centre
440 Louisiana Street, Suite 710
Houston, Texas 77002

/s/ *J. Erick Sandlin*
J. Erick Sandlin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA FORTNER, CATHY GARCIA GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO, and JOHANA QUIJANO, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.<br><br>                        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 4:09-cv-02651 |

## **ORDER**

Upon consideration of Defendant Bank of America, N.A.'s Motion for a Stay of All Proceedings (the "Motion"), the Court, having considered the Motion, and after consideration of the responses filed in opposition to the Motion, if any, now finds that the Motion should be approved and hereby **GRANTS** the relief requested therein.  Accordingly, it is hereby

**ORDERED** that pending the final ruling of the Judicial Panel on Multidistrict Litigation ("MDL") on the pending MDL Application and motion to transfer this matter into the proposed MDL, as defined in the Motion, all proceedings in this matter are **STAYED**.

SIGNED this _____ day of _____, 2009.

_____
HONORABLE KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE