IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SONIA FORTNER, CATHY GARCIA, GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO, and JOHANA QUIJANO, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>*Defendant*. | C.A. NO. 4:09-cv-02651<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF ALL PROCEEDINGS AND MOTION FOR AN EQUITABLE TOLL OF THE <u>STATUTE OF LIMITATIONS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs SONIA FORTNER, CATHY GARCIA, GRACIELA GRANDA, SANDRA MARESCA, MARIA PUERTO, and JOHANA QUIJANO, individually and on behalf of all others similarly situated ("Plaintiffs"), and file this Response In Opposition To Defendant's Motion For a Stay of All Proceedings and Motion For an Equitable Toll of the Statute of Limitations. In support thereof, they would respectfully show the Court as follows:

**I. INTRODUCTION**

On August 18, 2009, Plaintiffs filed a putative collective action lawsuit on behalf of themselves and all others similarly situated against Defendants pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. The complaint seeks to recover on behalf of those hourly employees denied overtime and other wages by Defendant BANK OF AMERICA, N.A. On December 10, 2009, Defendant filed a motion to stay the

proceedings. Defendant argues that, in the interest judicial economy, the Court should stay this case while the Judicial Panel on Multidistrict Litigation considers Defendant's application to transfer this and related cases to a single judicial district pursuant to 28 U.S.C. § 1407. For the reasons below, Plaintiff opposes Defendant's motion to stay the proceedings. However, should the Court, in its discretion, grant Defendant's motion to stay, Plaintiffs request that the statute of limitations for the putative class be tolled from the date that Defendant filed its Original Answer.

## II.  ARGUMENT

a.     **Staying This Case Will Diminish Claims of the Putative Class**

As Defendant BANK OF AMERICA, N.A. correctly notes in its motion, "[u]nder Rule 1.5 of the Rules of Procedure for the MDL Panel, this Court retains jurisdiction over all pre-trial proceedings notwithstanding the pending MDL transfer requests." *See*, Defendant's Motion For a Stay of All Proceedings, ¶ 7. "[T]he determination to stay or proceed with this case rests with the sound discretion of this Court." *Id*. (citation omitted). Ultimately, though, "[e]ach action [transferred by order of the MDL Panel] shall be remanded … at or before the conclusion of such pretrial proceedings to the district from which it was transferred[.]" 28 U.S.C. § 1407(a). In other words, even if this case is consolidated for pre-trial proceedings pursuant to an order of the Judicial Panel on Multidistrict Litigation, this Court retains jurisdiction over the ultimate disposition of this case, including trial. 28 U.S.C. § 1407.

If this Court grants Defendant's motion to stay, the likelihood that members of the putative class will receive enough notice to participate in this case and any recovery before they are barred by the statute of limitations diminishes every day. As then-District Judge, now Justice Sotomayer explained, in FLSA cases employees' claims continue to "die daily" until the plaintiff opts into the action. *Hoffman v. Sbarro, Inc.* 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Courts rightfully treat this problem with the utmost seriousness. As the Supreme Court held in

*Hoffman-LaRoche v. Sperling*, the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170. If plaintiffs are not informed of their rights in this lawsuit before their statute of limitations run, the benefits inherent in an FLSA collective action and outlined by the Supreme Court in *Hoffman-La Roche*, will disappear. 493 U.S. at 170.

Plaintiffs should be afforded with the opportunity to conduct discovery relating to class certification, notwithstanding Defendant's request to transfer that is currently pending with the MDL Panel. With each day that passes, the claims of the members of the putative class decrease, and staying this case will prejudice them even more.

**b.    This Court Should Equitably Toll the Statute of Limitations**

In order to prevent prejudice to Plaintiffs and members of the putative class and in light of the fact that Defendant has (1) filed an application for transfer with the Judicial Panel on Multidistrict Litigation (2) asked the Court to stay this case, this Court is empowered to and should equitably toll the statute of limitations as of the date Defendants filed their original answer on October 19, 2009. "The doctrine of equitable tolling permits a court to exercise its discretion to extend a plaintiff's statute of limitations. The doctrine applies to cases brought under the FLSA because the doctrine of equitable tolling is 'read into every federal statute of limitations.'" *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 8:5105, 2009 U.S. Dist LEXIS 51833 at *4 (E.D. La. April 20, 2009) (citing *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946)). "Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)." *Id.* (citing with approval, *Partlow v. Jewish*

3

*Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981); *Roussell v. Brinker Int'l*, No. H-05-3733, 2008 U.S. Dist. LEXIS 109663 (S.D. Tex. Nov. 4, 2008); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903 (E.D. La. 2008); *Faison v. Texas EZPawn, L.P.*, 2007 U.S. Dist. LEXIS 36864 (S.D. Tex. May 21, 2007); *Smith v. Heartland Automotive Servs., Inc.*, 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W.Va. 1986)).

The Court of Appeals for the Fifth Circuit has held that the invocation of equitable powers to suspend the running of the applicable statute of limitations is proper in circumstances where aggrieved persons are unable to assert their rights. *See, Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time."); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("Equitable tolling applies principally where the plaintiff … is prevented in some extraordinary way from asserting his rights." (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Similarly, the Court of Appeals for the Ninth Circuit has held that equitable tolling in an FLSA action is proper to prevent the expiration of plaintiffs' claims because of delays in the case not due to the fault of the plaintiffs. *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,* 645 F.2d 757 (9th Cir. 1981) (abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165 (1989)).

In *Partlow*, the Ninth Circuit set forth two factors that warrant a toll in FLSA actions: 1) plaintiffs themselves have done nothing wrong and 2) "the practical effect of not tolling the statute would be to bar forever any claim" the employees had against the defendant. *Partlow,* 645 F.2d at 760. As a policy matter, the Ninth Circuit reasoned a toll is particularly necessary when the delay will prevent the employees' claims from even being heard. *Partlow,* 645 F.2d at

760. As then-District Judge, now Justice Sotomayer explained, in FLSA cases employees' claims continue to "die daily" until the plaintiff opts into the action. *Hoffman v. Sbarro, Inc.* 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Courts rightfully treat this problem with the utmost seriousness. As the Supreme Court held in *Hoffman-LaRoche v. Sperling*, the benefits of the collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170. If plaintiffs are not informed of their rights in this lawsuit before their statute of limitations run, the benefits inherent in an FLSA collective action and outlined by the Supreme Court in *Hoffman-La Roche*, will disappear. 493 U.S. at 170.

The Ninth Circuit also reasoned that a toll is proper when defendants will not face substantial hardship in defending the claims. *Partlow*, 645 F.2d at 761. That is because a statute of limitations is designed to ensure fairness to defendants and to "notify them of claims that they must defend before the claims grow stale." *Partlow,* 645 F.2d at 761 (citing *Burnett v. New York Central Railroad*, 380 U.S. 424, 428 (1965)). The Defendants are not prejudiced once they are aware of the claims and commence their investigation. Courts in this and other circuits have consistently ordered equitable tolls in FLSA cases. *See, e.g., Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 8:5105, 2009 U.S. Dist LEXIS 51833 at *6 (E.D. La. April 20, 2009); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, Civ. No. 06-0715, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007); *Adams v. Inter-Con Security Systems,* 242 F.R.D. 530, 542-543 (N.D. Cal. April 11, 2007); *Castle v. Wells Fargo Financial, Inc.,* Civ. No. C 06-4347 SI, 2007 WL 1105118 at *1 (N.D.Cal. Apr. 10, 2007).

If this case is stayed and/or transferred by the MDL Panel pursuant to 28 U.S.C. § 1407, members of the putative class will suffer irreparable harm through no fault of their own, and the

likelihood that employees will receive accurate and timely notice concerning the pendency of this collective action so that they can make informed decisions about whether to participate will significantly decrease.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's motion to stay. Additionally, in this case, as in the cases cited above, Plaintiffs easily meet the factors that warrant a toll. First, Plaintiffs have clearly done nothing wrong while pursuing their claims under the FLSA. Second, in the absence of a toll, each day that passes will forever extinguish a portion of the putative class members' claims. By ordering a toll, this Court will prevent prejudice to Plaintiffs and allow all of their claims to be heard. In *Partlow*, the Court ordered a toll, noting it "would simply be improper to deprive the consenting employees of their right of action." *Partlow,* 645 F.2d at 761. As the Supreme Court noted in *Hoffman-La Roche*, the inherent benefits of the collective action "will disappear" if the putative class members are not notified of the suit before their statute of limitations expires. 493 U.S. at 170. A toll will not create any hardship here because Defendants have been on notice of Plaintiffs' claims for several months, and the Plaintiffs' claims have not grown "stale." *Partlow,* 645 F.2d at 761. Since Defendants have been on notice of and investigating Plaintiffs' claims in this and related litigation, this Court's order of a toll will not result in "substantial hardship" to their defense of these claims. *See, e.g., Partlow*, 645 F.2d at 761.

This Court is vested with the power and discretion to deny Defendant's motion for stay and to order a toll and avoid undue prejudice to the Plaintiffs and the putative class members. Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court (1) deny Defendant's motion for a stay of all proceedings and (2) equitably toll Plaintiffs'

and the putative class members respective statutes of limitations from the date Defendants filed their original answer on October 19, 2009.

## IV.  PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that the Court deny Defendant's Motion For a Stay of All Proceedings and (2) grant Plaintiffs' Motion for an Equitable Toll of the Statute of Limitations.

Respectfully submitted,

**MOORE & ASSOCIATES**

By:  /s/ Melissa A. Moore
    Melissa Ann Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    LYRIC CENTRE
    440 Louisiana Street, Suite 710
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

## **NOTICE OF ELECTRONIC FILING/CERTIFICATE OF SERVICE**

  I do hereby certify that I have electronically submitted for filing a true and correct copy of the foregoing document in accordance with the local rules of the U.S. District Court for the Southern District of Texas, on this the 30th day of December 2009. I further certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                /s/ Melissa Moore
                Melissa A. Moore